**SEALED**

\#3000l2676

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS


FILED-USDC-NDTX-DA
'24 JUL 3 AM10:33

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>    *Plaintiff/Relator,*<br><br>v.<br><br>HILL & WILKINSON CONSTRUCTION GROUP, LTD.,<br><br>    *Defendant.* | **3-24CV1694-B**<br><br>Case No. _____<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729** *et seq.*<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**Jury Trial Demanded** |

## *QUI TAM* COMPLAINT

### I. INTRODUCTION

1. This is a *qui tam* case, filed on behalf of the federal government, seeking to recover $2 million (plus mandatory trebling) that Defendant wrongfully obtained in the form of a federal guaranteed loan by falsely certifying that it had fewer than 300 employees. That loan was later forgiven, and the federal government paid the bill.

2. The loan in question was provided by the Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP"). The PPP was created by Congress near the start of the COVID-19 epidemic in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in 2020, and then received additional funding ($284 billion) in December 2020 in the "Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act."[1] 15 U.S.C. § 636(a)(37).

3. In early 2021, SBA authorized a second series of PPP loans, widely referred to as "Second Draw" PPP loans. This case involves a false application for a Second Draw PPP loan.

4. The Second Draw PPP loans were made available only to "small" businesses. The SBA established a clear, bright-line rule for who counted as "small." Applicants were required to certify, in their application, that they (both the applicant and its affiliates) collectively employed 300 or fewer persons.[2]

5. Defendant falsely certified to the SBA that it had 288 employees. As a direct result of that false statement, Defendant obtained a Second Draw PPP loan of $2,000,000.00, which was later forgiven.

---

[1] SBA INSPECTOR GENERAL INSPECTION REPORT, The Small Business Administration's Implementation of Recommended Controls and the Economic Aid Act (Aug. 12, 2021), https://www.sba.gov/sites/sbagov/files/2021-08/SBA%20OIG%20Report%2021-19.pdf.

[2] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.

6. Relator is an outside investigative company that detected Defendant's fraud by reviewing the Form 5500 that Defendant's employees' 401(k) plan filed with the Department of Labor. Those forms indicated that the 401(k) plan had more than 300 "active participants" in each of 2019 and 2020. Because an "active participant" is an employee, these forms' representations to the Department of Labor give the lie to Defendant's false statement to the SBA that it employed fewer than 300 persons.

## II. THE PARTIES

7. Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

8. Defendant Hill & Wilkinson Construction Group, Ltd. ("Hill") is a Texas limited company with its principal place of business in Richardson, Texas.

## III. JURISDICTION AND VENUE

9. This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

10. Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

11. Venue is proper, and this Court has personal jurisdiction over Defendant, because Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV. THE FALSE CLAIMS ACT

12. The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

13. A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

14. Under the FCA, a claim includes a request for money. 31 U.S.C. § 3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

15. In 2009, Congress amended the FCA through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21 (May 20, 2009), making a defendant liable under the FCA when the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

16. Under the FCA, the terms "knowing" and "knowingly" mean that the defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).

17. No proof of specific intent to defraud the Government is required to show that a defendant acted knowingly under the FCA. 31 U.S.C. § 3729(b)(1)(B).

18. The terms "knowing," "knowingly," "knowledge," "knows," and "knew," as used in this Complaint, have the meaning ascribed to them by the FCA.

19. The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

20. The FCA broadly defines a "claim" as "any request or demand . . . for money or property" that: "(i) is presented to an officer, employee, or agent of the United States," or "(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or

demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

21. The FCA imposes treble damages plus a civil penalty for each false claim. *See* 31 U.S.C. § 3729(a)(1).

22. The minimum and maximum civil penalty amounts are adjusted for inflation each successive year under the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. No. 114-74, § 701, 129 Stat. 584, 599–601 (2015). *See* 28 C.F.R. § 85.5 (identifying applicable inflation adjustments on an annual basis); 31 U.S.C. § 3729(a)(1).

23. As of February 12, 2024, courts must assess a civil penalty of no less than $13,946 and no more than $27,894 per claim for FCA violations that occurred after November 2, 2015. *See* 28 C.F.R. § 85.5 Table 1.

24. False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## V. NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE

25. On information and belief, no "public disclosure" has been made of Defendant's false statement and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

26. On information and belief, Defendant's fraudulent transactions have not been publicly disclosed in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

27.     Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

28.     Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transactions described herein. Among other things, Relator has "connected the dots" between (a) Defendant's Form 5500 disclosures and other statements, and (b) Defendant's false certification for the Second Draw PPP loan.

29.     Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

## VI. THE SECOND DRAW PPP LOAN PROGRAM

30.     To be eligible for a Second Draw PPP loan, borrowers were required to meet three criteria: (1) have "[p]reviously received a First Draw PPP Loan," (2) "[have] no more than 300 employees," and (3) be able to "demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020."[3] 15 U.S.C. § 636(a)(37)(A)(iv).

31.     The SBA's website explained the 300-limit to borrowers. This was explained in an overview page of the website[4] and in the online "Frequently Asked Questions" document available on the website.[5]

32.     The SBA's FAQ document stated that this limit was "narrower" than the prior 500-employee limit for the earlier First Draw PPP loans.[6]

---

[3] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.
[4] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://perma.cc/R74F-68UQ?type=image (as of March 2021).
[5] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, https://perma.cc/5Y8K-CR5Y (as of March 2021).
[6] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.

33. The SBA's FAQ document warned borrowers that, unlike with the First Draw PPP loans, borrowers would not be allowed to qualify using "SBA's [other] established size standards (either revenue-based or employee-based) or the alternative size standard."[7]

34. The SBA's FAQ stated that "borrowers" were "required to apply SBA's affiliation rules under 13 C.F.R. 121.301(f)."[8]

35. That regulation—13 C.F.R. § 121.301(f)—stated that when counting "employees," an applicant must include the employees of "all of its domestic and foreign affiliates." 13 C.F.R. § 121.301(f)(6).[9]

36. That regulation defined "affiliate" broadly. The term includes "affiliation based on ownership": "For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity. If no individual, concern, or entity is found to control, SBA will deem the Board of Directors or President or Chief Executive Officer (CEO) (or other officers, managing members, or partners who control the management of the concern) to be in control of the concern. SBA will deem a minority shareholder to be in control, if that individual or entity has the ability, under the concern's charter, by-laws, or shareholder's agreement, to prevent a quorum or otherwise block action by the board of directors or shareholders." See 13 C.F.R. § 121.301(f)(1).[10]

Affiliation may also arise "under stock options, convertible securities, and agreements to merge." See 13 C.F.R. § 121.301(f)(2).[11]

---

[7] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.
[8] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 3, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.
[9] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).
[10] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).
[11] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).

Affiliation may arise "based on management:" "Affiliation arises where the CEO or President of the applicant concern (or other officers, managing members, or partners who control the management of the concern) also controls the management of one or more other concerns. Affiliation also arises where a single individual, concern, or entity that controls the Board of Directors or management of one concern also controls the Board of Directors or management of one of more other concerns. Affiliation also arises where a single individual, concern or entity controls the management of the applicant concern through a management agreement." *See* 13 C.F.R. § 121.301(f)(3).[12]

Affiliation may arise "based on identity of interest:" "Affiliation arises when there is an identity of interest between close relatives, as defined in 13 CFR 120.10, with identical or substantially identical business or economic interests (such as where the close relatives operate concerns in the same or similar industry in the same geographic area). Where SBA determines that interests should be aggregated, an individual or firm may rebut that determination with evidence showing that the interests deemed to be one are in fact separate." *See* 13 C.F.R. § 121.301(f)(4).[13]

Affiliation may arise "based on franchise and license agreements:" "The restraints imposed on a franchisee or licensee by its franchise or license agreement generally will not be considered in determining whether the franchisor or licensor is affiliated with an applicant franchisee or licensee provided the applicant franchisee or licensee has the right to profit from its efforts and bears the risk of loss commensurate with ownership. SBA will only consider the franchise or license agreements of the applicant concern." *See* 13 C.F.R. § 121.301(f)(5).[14]

---

[12] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).
[13] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).
[14] 13 C.F.R. § 121.301(f) (as of Dec. 14, 2020).

37. The SBA required borrowers to submit a Borrower Application Form (SBA Form 2483-SD) to a federally insured bank or similar credit institution, which would process the loan application and fund the loan.

38. The SBA Form 2483-SD required the borrower to state the "Number of Employees (including affiliates, if applicable)."

39. The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant, together with its affiliates (if applicable) . . . employs no more than 300 employees."

40. The SBA Form 2483-SD also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

41. The SBA guaranteed 100% of the outstanding balance of Defendant's Second Draw PPP loan. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

### VII. DEFENDANT FALSELY CERTIFIED TO THE SBA ITS COMPLIANCE WITH THE SECOND DRAW PPP LOAN SIZE REQUIREMENTS

#### A. BACKGROUND

42. Upon information and belief, Defendant Hill & Wilkinson Construction Group, Ltd. ("Hill") is a limited company registered in Texas[15] and headquartered at 2703 Telecom Parkway, Suite 120, Richardson, Texas 75082.[16]

---

[15] Texas, Office of the Comptroller, Hill & Wilkinson Construction Group, Ltd. (for SOS File No. 0801065818).
[16] Hill & Wilkinson Construction Group, Ltd., https://hwgc.com/locations (stating locations).

43. Hill can be validly served with process at 1999 Bryan Street, Suite 900, Dallas, TX 75201.[17]

44. Hill provides a range of general contracting services under a variety of contractual arrangements including construction manager, general contractor, design-assist, and design-build.[18]

### B.    FALSE STATEMENT TO OBTAIN SECOND DRAW PPP LOAN

45. In 2020, Hill submitted its Borrower Application form to apply for a First Draw PPP loan in the amount of $6,537,300.00.

46. On or about May 11, 2021, after Hill applied and was approved for a Second Draw PPP loan, the U.S. government forgave 100% of Hill's First Draw PPP Loan, including interest, in the amount of $6,606,255.08.

47. In 2021, Hill submitted its Borrower Application form, SBA Form 2483-SD, to Prosperity Bank in El Campo, Texas to apply for a Second Draw PPP loan.

48. On its Form 2483-SD, Hill listed its address as 2703 Telecom Pkwy, Ste 120, Richardson, TX 75082-3555.

49. On its SBA Form 2483-SD, Hill represented to the lender and to the U.S. government that it and its affiliates had 288 employees—narrowly under the 300-employee limit needed to be eligible to apply.

50. Hill's SBA Form 2483-SD's representation regarding the total number of its and its affiliates' employees was false. Hill and its affiliates had far more than 300 employees in each of 2019, 2020 and 2021.

---

[17] Texas, Office of the Comptroller, Hill & Wilkinson Construction Group, Ltd. (for SOS File No. 0801065818).
[18] Hill & Wilkinson Construction Group, Ltd., https://hwgc.com/locations (stating its services).

51. Hill deliberately ignored the fact that the total number of its and its affiliates' employees numbered in excess of the 300-employee limit for obtaining a Second Draw PPP loan. Hill signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

52. On or about February 6, 2021, Hill was approved for a Second Draw PPP loan in the amount of $2,000,000.00 by lender Prosperity Bank.

53. The U.S. government paid lender Prosperity Bank a lender's processing fee of 1% of the $2,000,000.00 loan, in the amount of $20,000.00.[19]

54. On or about June 24, 2021, the U.S. government forgave 100% of Hill's Second Draw PPP Loan, including interest, in the amount of $2,007,232.88.

### C.  EVIDENCE OF MORE THAN 300 EMPLOYEES

55. On its Borrower Application form to apply for a First Draw PPP loan, Hill represented to the lender and to the U.S. government that it and its affiliates had 375 employees—under the 500-employee limit needed to be eligible to apply for a First Draw PPP loan but greater than the 300-employee limit needed to be eligible to apply for a Second Draw PPP loan.

56. Additionally, Hill maintained a welfare benefits plan for its employees in each of 2019, 2020 and 2021 (the "Hill Employee Benefits Plan").

57. The Hill Employee Benefits Plan was a "single employer" plan, meaning that it provided pension benefits solely to the employees of one employer.[20] That employer was Hill.[21]

58. In 2019, 2020, and 2021 the Hill Employee Benefits Plan had the following legal name: Hill & Wilkinson Construction Group, Ltd. 401(k) Plan.

---

[19] Paycheck Protection Program (PPP) Information Sheet: Lenders, https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

[20] The plan's Forms 5500 for 2019, 2020, and 2021 all check the box in section A attesting that it was "a single-employer plan."

[21] The plan's Forms 5500 for 2019, 2020, and 2021 all list the "employer" as "Hill & Wilkinson Construction Group, Ltd." All three years' Forms 5500 also give the same Employer Identification Number. The address is listed as 2703 Telecom Parkway, Suite 120, Richardson, TX 75082.

59. Each year, the Hill Employee Benefits Plan was required to file a Form 5500 with the U.S. Department of Labor. That form required the Hill Employee Benefits Plan to state the "number of active participants" at the beginning and end of the plan year. Form 5500 instructed Hill that "active participants" are "individuals who are currently in employment covered by the plan and who are earning or retaining credited service under the plan."[22]

60. In 2019, the Hill Employee Benefits Plan reported 371 active participants at the start and 379 active participants at the end of the year.[23]

61. In 2020, the Hill Employee Benefits Plan reported 379 active participants at the start and 296 active participants at the end of the year.[24]

62. In 2021, the Hill Employee Benefits Plan reported 296 active participants at the start and 303 active participants at the end of the year.[25]

63. Upon information and belief, the number of "active participants" reported in the Hill Employee Benefits Plan excluded multiple categories of employees.

64. In its SBA Form 2483-SD, a company must include "the employees of its domestic and foreign affiliates" in calculating its number of employees. *See* 13 C.F.R. § 121.106(b)(1).

65. Other databases also contradict the representation that Hill made in its SBA Form 2483-SD that it and its affiliates only had 288 employees. For instance, as of March 28, 2024, ZoomInfo reports Hill as having 378 employees[26] and Datanyze reports Hill as having 313 employees.[27]

---

[22] Instructions for Form 5500 (2021).
[23] Form 5500, Hill & Wilkinson Construction Group, Ltd. (2019).
[24] Form 5500, Hill & Wilkinson Construction Group, Ltd. (2020).
[25] Form 5500, Hill & Wilkinson Construction Group, Ltd. (2021).
[26] ZoomInfo, Hill & Wilkinson, https://www.zoominfo.com/pic/hill-wilkinson-ltd/55477865.
[27] Datanyze, Hill & Wilkinson, https://www.datanyze.com/companies/hill-wilkinson/55477865.

66. On information and belief, Hill's payroll records from 2019, 2020, and 2021 will confirm what Hill always knew—that it and its affiliates collectively employed well over 300 employees throughout the time period 2019–2021.

## FIRST CAUSE OF ACTION

### Submitting False Claims for Payment
### 31 U.S.C. § 3729(a)(1)(A)

67. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

68. Defendant violated 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and/or causing to be presented to the lender a claim for approval of a Second Draw PPP loan.

69. Defendant's knowingly false claim on its SBA Form 2483-SD was material to the lender's decision to issue the Second Draw PPP loan and was material to the SBA's decision to forgive that loan and repay the lender.

70. But for Defendant's knowingly false claim, the lender would not have issued the loan and the SBA would not have forgiven it.

71. The Second Draw PPP loan that Defendant obtained was money that was intended by the Government to be spent or used to advance the Government's program and interest in assisting qualified and eligible small businesses to survive the COVID-19 epidemic and to continue to employ their workers.

72. The Second Draw PPP loan that Defendant obtained was money that the Government effectively and in practice provided to the lender, by means of the Government's 100% guarantee to the lender of repayment by the Government in the case of default by the borrower.

73. The Government later reimbursed the lender 100% of the amount of Defendant's Second Draw PPP loan, with interest.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

74. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

75. Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made a false record and statement—namely, its SBA Form 2483-SD and its included certifications—to support a false claim submitted to the lender for approval of Second Draw PPP loan.

76. Defendant's knowingly false record and statement was material to the lender's decision to issue the Second Draw PPP loan and was material to the SBA's decision to forgive that loan and repay the lender.

77. But for Defendant's knowingly false record and statement, the lender would not have issued the loan and the SBA would not have forgiven it.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests judgment against Defendant for: (i) three times the amount of damages that the United States has sustained (including the full amount of the forgiven Second Draw PPP loan and interest thereon, plus all processing fees paid by the Government); (ii) the maximum civil penalties allowed by law; (iii) an award to Relator for the maximum allowed under 31 U.S.C. § 3730(d); (iv) an award of attorney's fees, costs, and expenses; (v) interest as provided by law; and (vi) any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Date: July 3, 2024

Respectfully submitted,

Stephen Shackelford (TX Bar # 24062998)
Steven M. Shepard (*to seek pro hac vice*)
Alicia Lai (*to seek pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com
alai@susmangodfrey.com

*Attorneys for Relator Verity Investigations, LLC*

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States ex rel. Verity Investigations LLC

**DEFENDANTS**
Hill & Wilkinson Construction Group, Ltd.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Collin County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen Shackelford, Jr., Susman Godfrey L.L.P., One Manhattan West, 50th Flr., New York, NY 10001, (212) 336-8300

Attorneys *(If Known)*

RECEIVED JUL - 3 2024 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | [X] 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
False Claims Act, 31 U.S.C. §§ 3729–33. FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2).
Brief description of cause:
Defendant knowingly presented and/or caused to be presented a false claim for approval of a loan.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $6,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

**DATE**  July 3, 2024
**SIGNATURE OF ATTORNEY OF RECORD**  /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____